**FILED**

**January 14, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 8:00 AM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | |
|---|---|
| **KELLY SCOTT**<br>　　　　**Employee,** ) | **Docket No.: 2015-07-0188** |
| ) | |
| **v.** ) | **State File Number: 62922-2015** |
| **HARDEMAN CO. SHERIFF'S DEPT.** ) | |
| 　　　　**Employer,** ) | **Judge Amber E. Luttrell** |
| **And** ) | |
| **SAFETY ENGINEER INC.** ) | |
| **CONSULTANTS** ) | |
| 　　　　**Insurance Carrier.** ) | |
| ) | |

---

# EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, Kelly Scott, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is the compensability of Mr. Scott's hand injury and his entitlement to medical and temporary disability benefits. The central legal issue is whether the injury arose primarily out of the employment, and whether benefits are precluded due to willful misconduct, intentional self-inflicted injury, and/or untimely notice. For the reasons set forth below, the Court finds Mr. Scott has not come forward with sufficient evidence from which the Court can conclude he sustained an accidental injury arising primarily out of his employment. Thus, his request for medical and temporary disability benefits is denied.

## History of Claim

Mr. Scott is a thirty-three-year-old resident of Hardeman County, Tennessee. He worked as a Sergeant for the Hardeman County Sheriff's Department. On July 8, 2015, while working on second shift, Mr. Scott injured his right hand. The parties fervently dispute how the injury occurred.

According to Mr. Scott, he walked into a break room to retrieve his cell phone and other personal belongings before his shift ended. He started to close the door when he

1

reached back and "flipped it back open" to make sure he did not leave anything in the room. Mr. Scott testified he immediately felt pain in his hand when it struck the door. Mr. Scott first called his mother, stating he thought he broke his hand. He informed her he would finish out his shift and then seek medical attention. At some point prior to the conclusion of his shift,[1] Mr. Scott spoke to Sergeant Gina Pittman, who worked the same shift that evening. Mr. Scott testified he showed her his hand and stated, "I think I broke my hand and it's swelling up." Sergeant Pittman prepared an ice pack for Mr. Scott's hand.

At the conclusion of his shift, Mr. Scott sought medical treatment at Bolivar General Hospital emergency room. He testified he sustained a metacarpal fracture and the doctor provided a hand splint until he could see an orthopedist for follow-up treatment.

The following day, Mr. Scott testified he returned to work to give his immediate supervisor, Captain Leonard Brown, a physician's off-work slip. He stated he told Captain Brown he broke his hand at work. Mr. Scott further testified that at some point, he called Katherine Ware, human resources representative for the Sheriff's Department, requesting workers' compensation paperwork, but she refused his request.[2]

Mr. Scott did not introduce any medical records into evidence supporting his claim for workers' compensation benefits. However, he did introduce into evidence a "Patient Summary" from Bolivar General Hospital dated July 9, 2015, stating the reason for his visit was hand pain from hitting a door. (Ex. 4.) He also introduced into evidence several off-work slips from Dr. Michael Dolan at West Tennessee Bone and Joint Clinic. The notes do not indicate the injury for which he was treating with Dr. Dolan. According to Mr. Scott, he sought follow-up treatment with Dr. Dolan, who confirmed the fracture and put his hand in a cast. After removing the cast, Dr. Dolan sent Mr. Scott to physical therapy for approximately four and one-half weeks.

Hardeman County did not dispute that Mr. Scott injured his hand on or about July 8, 2015, on the work premises; however, it did dispute Mr. Scott's allegation that he sustained an *accidental* injury to his hand arising out of his employment. Rather, Hardeman County contends Mr. Scott struck the door in anger upon learning he was under investigation for a policy violation. In its case in chief, Hardeman County offered the testimony of Deputy Lynn Shields, Sergeant Gina Pittman, Captain Leonard Brown, and Chief Billy Davis from the Sheriff's Department.

Deputy Shields is the facility security officer for the Sheriff's Department. He testified on or about July 8, 2015, he was asked by Captain Brown to investigate a reported incident where it was alleged that Mr. Scott watched pirated movies on a work

---

[1] The parties disputed the timeframe between the incident's occurrence and Mr. Scott's discussion with Sergeant Pittman.

[2] Ms. Ware was not a witness at the expedited hearing.

computer while on duty with inmates referred to as "trustees." Deputy Shields interviewed employees and trustees concerning the alleged incident. Regarding Mr. Scott's injury, Deputy Shields testified he approached Mr. Scott sometime after the injury occurred when he noticed Mr. Scott's hand in a cast. He asked Mr. Scott what happened, and Mr. Scott responded that he hit something. Deputy Shields responded by jokingly asking Mr. Scott if he needed anger management classes.

Sergeant Pittman worked the same shift as Mr. Scott on the evening of July 8, 2015. Sergeant Pittman testified that she was getting a drink from a machine when she heard Mr. Scott hit the door. She stated, "he hit it hard enough that it slammed up against the door stop." Mr. Scott left the building and returned a couple of hours later and asked Sergeant Pittman to get him an ice pack for his hand. She told him he should go to the hospital to seek medical attention. According to Sergeant Pittman, Mr. Scott informed her that he was not going to file a workers' compensation claim and that he was going to tell everyone it did not happen at work. She testified, "he had been mad because the trustees had told him about them being asked about watching movies." The next morning, Sergeant Pittman spoke to Captain Brown and informed him of Mr. Scott's injury and their discussions following the incident.

Captain Brown was Mr. Scott's immediate supervisor. He testified the Sheriff's Department policy handbook requires employees to immediately report all work-related injuries to him. Captain Brown confirmed he learned about Mr. Scott's hand injury from Sergeant Pittman. He testified Mr. Scott never came to him and reported a work-related injury. He did recall Mr. Scott bringing him an off-work slip a day or two after the incident; however, he testified that Mr. Scott did not state his injury was work-related. Captain Brown also testified about a meeting he and Chief Davis had with Mr. Scott on July 28, 2015, which he documented in a disciplinary report dated July 30, 2015. (Ex. 6.) Chief Davis called the meeting to address several disciplinary issues with Mr. Scott. Captain Brown testified they also discussed Mr. Scott's hand injury during the meeting. Chief Davis asked him how he hurt his hand, and Mr. Scott admitted he became angry and injured his hand when he hit something at work. On cross-examination, Captain Brown agreed that he never went to Mr. Scott to ask about his hand upon learning of the incident from Sergeant Pittman. He stated it was Mr. Scott's duty to notify him if he believed he sustained a work-related injury.

Finally, Chief Davis testified he first learned that Mr. Scott was claiming a work-related injury and pursuing workers' compensation benefits on or about August 5, 2015, from Katherine Ware. Chief Davis testified consistently with Captain Brown regarding the Sheriff Department's policy concerning reporting a work-related injury and that Mr. Scott failed to comply with the policy if he believed he had a work-related injury. He also confirmed Captain Brown's testimony regarding the July 28, 2015 meeting where Mr. Scott admitted to watching pirated movies with trustees and that he injured his hand when

he struck something in anger.[3] As a result of the disciplinary infractions discussed in the meeting, Chief Davis demoted Mr. Scott from sergeant to a corrections officer. Mr. Scott admitted to meeting with Chief Davis and Captain Brown; however, he denied ever telling them he struck an object in anger.

Mr. Scott filed a Petition for Benefit Determination seeking medical and temporary disability benefits on August 12, 2015. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Scott filed a Request for Expedited Hearing, and this Court heard the matter on November 30, 2015. At the expedited hearing, Mr. Scott asserted he sustained an accidental injury for which he seeks medical and temporary disability benefits. Hardeman County countered that Mr. Scott is not entitled to workers' compensation benefits because his injury did not arise primarily out of his employment, he failed to give proper notice of a work-related injury, and his injury was due to his own willful misconduct and/or self-inflicted injury. Hardeman County further contended that Mr. Scott failed to offer into evidence any medical proof supporting his claim.

**Findings of Fact and Conclusions of Law**

The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. §50-6-102(14) (2015). The statutory requirements that an injury arise out of and in the course of the employment are not synonymous, "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Hosford v. Red*

---

[3] The Court notes Mr. Scott questioned Chief Davis extensively regarding the location of the door he struck when he injured his hand. Chief Davis testified his understanding was that the incident occurred in the sally port area between two doors.

*Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *19-20 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014).

> The phrase "in the course of" refers to time, place, and circumstances, and "arising out of" refers to cause or origin. "[A]n injury by accident to an employee is in the course of employment if it occurred while he was performing a duty he was employed to do; and it is an injury arising out of employment if caused by a hazard incident to such employment." Generally, an injury arises out of and is in the course and scope of employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of his employment.

*Cloyd v. Hartco Flooring Co.,* 274 S.W.3d 638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991)).

In *Willis v. All Staff,* the Tennessee Workers' Compensation Appeals Board recently reiterated longstanding causation principles:

> The mere presence of the employee at the place of injury because of the employment is not enough, as the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. Accordingly, an injury purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered as arising out of the employment.

*Willis v. All Staff,* 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *19-20 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015) (citations omitted).

In this case, it is undisputed that Mr. Scott injured his hand while on duty at the Sheriff's Department on July 8, 2015. However, as set forth in *Willis,* the mere presence of an employee at the place of employment when injured is not enough to establish a compensable work injury. There must be some danger or hazard peculiar to the work or a risk inherent in the nature of the work to provide the requisite causal connect between Mr. Scott's injury and his employment.

Mr. Scott gave the only testimony in this case supporting his claim that he sustained an accidental injury arising primarily out of his employment duties for the Sheriff's Department. He testified he reached back to "flip" the breakroom door back open to determine if he gathered all of his personal belongings for the end of his shift and broke a bone in his hand. The only medical proof Mr. Scott offered into evidence in support of his injury was a "Patient Summary" from Bolivar General Hospital dated July 9, 2015, stating the reason for visit was hand pain from hitting a door. The patient summary note failed to support any history given by Mr. Scott of an accidental work-

related injury to his hand. He merely complained of hand pain from hitting a door, and there is no mention of his work duties for the Sheriff's Department.

The testimony of every witness from the Sheriff's Department contradicted Mr. Scott's account of the injury. The Court finds particularly compelling the testimony from Chief Davis and Captain Brown. Both testified to asking Mr. Scott directly in the meeting of July 28, 2015, how he injured his hand. Mr. Scott admitted to them that he watched the pirated movies as alleged and subsequently hit his hand in anger. Their testimony was supported by the disciplinary report issued on July 30, 2015, documenting the details of the meeting. Overall, the Court finds the testimony of the Sheriff's Department witnesses to be more compelling in this case concerning the nature of Mr. Scott's hand injury. In light of the great weight of the contradictory evidence, the Court affords little weight to Mr. Scott's account of how he injured his hand.

Accordingly, after thorough consideration of the totality of the proof in this case, the Court finds Mr. Scott did not come forward with sufficient evidence that he suffered an accidental injury to his hand arising primarily out of his employment with the Hardeman County Sheriff's Department. Therefore, as a matter of law, Mr. Scott has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits. His request for medical and temporary disability benefits is denied at this time.

Given the finding that Mr. Scott's injury did not arise primarily out of his employment, the Court need not address Hardeman County's defenses of notice, willful misconduct, and intentional self-inflicted injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Scott's claim against Hardeman County Sheriff's Department and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on January 29, 2016, at 1:30 p.m. Central time.

**ENTERED this the 14th day of January, 2016.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

6

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Luttrell, Court of Workers' Compensation Claims. You must call 901-543-2668 or toll-free at 855-543-5046 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it

with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Kelly Scott
2. Wage Statement
3. First Report of Work Injury
4. Bolivar General Hospital Emergency Department Records
5. Notice of Denial
6. Employee Disciplinary Report date July 30, 2015

Technical record:[4]
1. Dispute Certification Notice
2. Petition for Benefit Determination
3. Request for Expedited Hearing
4. Employer's Prehearing Brief for Expedited Hearing
5. Employer's Pre-Trial Witness and Exhibit List

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the expedited hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 14th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Kelly Scott, Employee | X | | X | K-e-l-l-y-@hotmail.com; 521 Ridgway Drive Bolivar, Tennessee 38008 |
| Terri Bernal, Esq., Employer's Counsel | | | X | tbernal@wimberlawson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov